**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

HORIZON/CMS HEALTHCARE CORPORATION
and HEALTHSOUTH CORPORATION,

        Plaintiffs,

vs.                                No.  CV 99-966 JP/LFG

AMERICAN CONTINENTAL INSURANCE
COMPANY and MARC A. BERNSTEIN, ESQ.,

        Defendants.

**<u>MEMORANDUM OPINION</u>**

      The Court's Memorandum Opinion and Order of May 2, 2000 addressed, among

other matters, Defendant Bernstein's motion to dismiss the two claims for relief asserted

against him in the Second Amended Complaint.  In that opinion I ruled that the Sixth

Claim For Relief (for damages) should be dismissed, and that the Seventh Claim For

Relief (for injunctive relief) would be dismissed unless Plaintiffs demonstrated their right

to injunctive relief by the filing of a More Definite Statement.  The more definite

statement was to give Plaintiffs another opportunity to specify the general nature of the

confidential information allegedly possessed by Defendant Bernstein and how revealing

that information could cause irreparable harm to Plaintiffs with respect to the issue of

insurance coverage for punitive damages in the underlying actions.

      On May 15, 2000 Plaintiffs Horizon/CMS Healthcare Corporation and

HealthSouth Corporation ("Horizon and HealthSouth") filed a More Definite Statement.
After carefully considering the contents of the More Definite Statement, the exhibits filed
under seal with it, and the remainder of the pleadings, I conclude that the Seventh Claim
For Relief should be dismissed.

The dispute between Plaintiffs and Defendant American Continental Insurance
Company ("ACIC") concerns the existence of insurance coverage for punitive damage
awards in personal injury actions filed against Plaintiffs in various states.  Plaintiffs
operate healthcare facilities in several states, and ACIC insures Plaintiffs for certain
liabilities arising out of the operation of the facilities.  ACIC is providing a defense to
Plaintiffs in the underlying lawsuits.  The claimants in those cases have accused Plaintiffs
of acts of gross corporate negligence or other conduct which, if proven, could give rise to
awards of punitive damages.  ACIC has informed Plaintiffs that it may not provide
coverage for punitive damages in the personal injury lawsuits.

The dispute between Plaintiffs and Defendant Marc A. Bernstein, Esq.
("Bernstein"), a New Mexico attorney, concerns the alleged breach by Bernstein of his
fiduciary duty to Horizon, his former employer, for which Plaintiffs sought damages (in
the since-dismissed Sixth Claim For Relief) and injunctive relief (in the Seventh Claim
For Relief).  I dismissed the claim for damages because of inadequate allegations of the
elements of causation and damages.  At the same time I announced my skepticism of the
viability of the claim for injunctive relief, but allowed Plaintiffs to file the more definite
statement.

In their More Definite Statement, Plaintiffs assert that Bernstein received confidential information of a factual nature while acting as an attorney in Horizon's risk management department.  This information came from employees of Horizon, experts hired by Bernstein on behalf of Horizon, and counsel appointed to represent Horizon's interests.  The information concerns the business strategy, legal strategy and litigation strategy involved in Horizon's efforts to secure insurance coverage for the underlying personal injury claims, including coverage for punitive damages.

Bernstein was involved in assessing Horizon's potential liability in the personal injury actions by soliciting confidential factual information about the conduct of its healthcare facility employees.  This included hiring and working with experts to review the care provided at the facilities.  Bernstein gained knowledge of witnesses' conduct and their potential testimony, specific litigation strategies, confidential internal investigations and reports, and other confidential business information.  Some of this information came from defense counsel in the underlying lawsuits who freely discussed the strengths and weaknesses of certain facilities.

In short, Bernstein knows all the bad facts about the facilities operated by Horizon and HealthSouth that might give rise to an award of punitive damages in the underlying cases.  He also is privy to Horizon's strategies to try to ensure insurance coverage in spite of these facts.

Plaintiffs contend that Bernstein is in a position to use this confidential information to harm Plaintiffs while he is involved in communicating insurance coverage

3

positions to Plaintiffs on behalf of ACIC, investigating underlying claims, and communicating with ACIC claims personnel. They also contend that ACIC will use factual information about practices at the healthcare facilities to deny insurance coverage under several theories. One of these is known as the "expected or intended" defense, under which coverage might be denied if the conduct at the facilities was of such a malicious nature as to be expected or intentional. Another theory involves a policy endorsement excluding coverage for "fraudulent or malicious acts" or for acts in violation of law. Finally, ACIC contends that punitive damages are not covered because of the operation of Texas statutes and public policy.

I assume that all the factual assertions in the More Definite Statement are true. However, evidence that Bernstein is in imminent danger of revealing Horizon's confidential factual information to ACIC in a way it could harm Horizon and/or HealthSouth in the insurance coverage dispute consists only of: (1) Bernstein wrote letters to Horizon and HealthSouth informing them that certain factual allegations made in the underlying claims could, if proven, either limit or preclude insurance coverage under the ACIC policies; and (2) he appeared at a mediation in the *Fuqua* case even after ACIC had agreed he would not work on the insurance coverage issues.

I must engage in a realistic appraisal of the danger that Bernstein's knowledge of confidential information about Horizon will give rise to an actual and imminent risk of irreparable harm to Plaintiffs if disclosed to ACIC. Nothing in Plaintiffs' More Definite Statement convinces me that Plaintiffs have adequately stated a bona fide claim for

injunctive relief against Defendant Bernstein.  Plaintiffs have not responded to several
concerns expressed in my previous opinion:  that Plaintiffs do not seek temporary or
preliminary injunctive relief; that ACIC has already agreed that Bernstein will not work
on the only matter on which Plaintiffs and ACIC are adverse, the insurance coverage
issues; that ACIC's coverage position is not alleged to have resulted from Bernstein's
knowledge of his former client's confidential or privileged information; and that Plaintiffs
waited nearly a year and a half after Bernstein's employment with ACIC before seeking
injunctive relief.

There would be no logical reason to enjoin Bernstein from working on the
underlying personal injury actions in which Plaintiffs and ACIC share the same interests.
In those cases both Plaintiffs and ACIC seek to avoid Plaintiffs' liability for damages of
any kind, either compensatory or punitive.

ACIC's asserted coverage defenses are based upon allegations in the complaints in
the underlying personal injury actions, not on any confidential information possessed by
Defendant Bernstein.  It is the plaintiffs in those actions who will be attempting to prove
malice and other wrongdoing that might give rise to punitive damages against Horizon
and HealthSouth.  Even if Bernstein possesses confidential knowledge about wrongdoing
by Horizon and HealthSouth, and even assuming the attorneys for plaintiffs in the
underlying personal injury actions might somehow fail to become aware of such
information after conducting discovery, it is not logical to assume Bernstein would be
motivated to disclose that information to ACIC, or to assume that ACIC could use such

5

information to its benefit.  Such information could only benefit the personal injury

plaintiffs, and Bernstein has not "switched" to their "side."  Put another way, the

insurance company cannot be shielded from knowledge of bad conduct at the facilities it

insures.  It cannot use that information against Horizon and/or HealthSouth to deny

coverage unless it is proven by the personal injury plaintiffs.  Therefore the insurance

company and its insureds are not "adverse" in the same way that other parties are adverse.

Rather, they share many common interests *vis a vis* the underlying actions.

　　　　I conclude that Plaintiffs' allegations of irreparable harm, both in the Second

Amended Complaint and in the More Definite Statement, are inadequate to state a claim

for injunctive relief against Defendant Bernstein.

　　　　IT IS THEREFORE ORDERED that Defendant Marc A. Bernstein's Motion to

Dismiss is hereby GRANTED, and that the Seventh Claim For Relief will be dismissed.

_____
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:  Ronald Siegel, SUTIN, THAYER & BROWNE, Albuquerque, N.M.; and Joshua
Gold, Sandra L. Mallenbaum and Lauren B. Sobel, ANDERSON KILL & OLICK, New York, N.Y.

Counsel for Defendant ACIC:  David A. Freedman, FREEDMAN, BOYD, DANIELS, HOLLANDER,
GOLDBERG & CLINE, Albuquerque, N.M.; and Robert D. Allen and Linda M. Dedman, BAKER &
MCKENZIE, Dallas, Tex.

Counsel for Defendant Bernstein:  Charles R. Peifer and Cerianne L. Mullins, BROWNING & PEIFER,
Albuquerque, N.M.